NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-663

DAWN DALLAIRE CURTIS & another[1]

vs.

GLENN T. SABA & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Dawn Dallaire Curtis and Gerald Dallaire, brought a multi-count complaint against numerous defendants, claiming, as relevant here, breach of contract and breach of the covenant of good faith and fair dealing against Century Builders, Inc. (CBI), and its principals, Glenn T. Saba and Ronald P. Marsan (together, Century defendants).  The Century defendants raised counterclaims against Curtis for breach of

_____

[1] Gerald Dallaire.

[2] Ronald P. Marsan; Century Builders, Inc.; Depiano and Todisco Adjusters, Inc.; Cynthia Aziz, Esquire; Aziz Law, P.C.; Minisain & Aziz Attys, P.C.; City of Methuen, MA; John P. Gibney; and Vermont Mutual Insurance Company.  Of the defendants, only Glenn T. Saba, Ronald P. Marsan, and Century Builders, Inc., are parties to this appeal.

contract and indemnification.  A Superior Court judge allowed the Century defendants' motion for summary judgment on these claims and counterclaims, and, after an assessment hearing, a second judge awarded the Century defendants damages, attorney's fees, expert fees, and costs.  Separate and final judgment entered for the Century defendants, and the plaintiffs appeal.  We affirm.[3]

Background.  In September 2014 a fire caused extensive damage to a residence owned by Curtis.[4]  Thereafter, Curtis and CBI entered into a contract for the repair of the property.  The plaintiffs' breach of contract claim is premised on their underlying assertion that Curtis and CBI executed an enforceable contract in May 2015, which CBI breached.  Although the Century defendants dispute that the May 2015 contract was enforceable, they argue that, even if it was, it was superseded by a June 2015 contract and a modification of that contract executed in February 2016.  As it makes no difference to our resolution of

---

[3] The plaintiffs raise no argument on appeal regarding their claims that the Century defendants violated G. L. c. 142A and G. L. c. 93A.  They have thus waived any challenge to the dismissal of those claims.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

[4] At the time of the fire, Dallaire, Curtis's former husband, did not have an ownership interest in the property but remained committed to the mortgage.

2

this appeal, we will also assume that the May 2015 contract was enforceable.

The May 2015 contract consists of a three-page document labeled "Contract" and a thirteen-page document labeled "Proposal." The Contract portion of the document states a total contract price of $243,000, as well as proposed start and completion dates. The Proposal sets out the scope of the work, including construction specifications. Both CBI and Curtis signed the Contract, but only CBI signed the Proposal.

In June 2015 Curtis and CBI entered into a second contract for the repair of the property. The June 2015 contract also consists of a "Contract" and a "Proposal." The three-page Contract states a total contract price of $274,000 and extends the proposed start and completion dates from those set out in the May 2015 contract. The seventeen-page Proposal sets out the scope of the work, including construction specifications. This time, both parties signed the Contract and the Proposal, with Curtis signing the latter in a section marked "Acceptance of Proposal" and at the bottom of each page of the construction specifications.

In February 2016 the parties executed a one-page document entitled "AGREEMENT MODIFICATION" (modification). The parties acknowledged in the modification that Curtis had defaulted on

3

her payments under the "Original Contract . . . signed on June 1, 2015" -- still owing $97,829.72 of the original contract price of $274,000 -- and that "the project has stalled by no fault of [CBI] but due to [Curtis's] non-payments and insufficient funds." "[T]o cut costs and expenses" while still allowing for "an occupancy permit [to] be issued so that [Curtis] can move in to the property," the parties agreed that certain portions of the work would be left "as is" as of the date of the modification and, in exchange, CBI would accept a "modified balance" of "$51,000.00 for work complete to date." The final paragraph of the modification states:

> "It is agreed that this AGREEMENT MODIFICATION is binding and takes precedent over all other agreements and specifications both written and verbal. The legal terms of the original contract are still binding. [Curtis] indemnifies [CBI] of all work completed as of this AGREEMENT MODIFICATION."

On February 29, 2016, the building inspector issued a certificate of occupancy for the front unit of the property. Curtis moved back into the property the same day.

In February 2020 the plaintiffs filed this suit. Their breach of contract claim alleged that the Century defendants "failed to follow the [May] 2015 Contract they committed themselves to with Curtis" and sought an order requiring the Century defendants "to complete the [May] 2015 Contract" and "to pay to restore the Property to the way it was prior to the

4

fire."  In their counterclaim for breach of contract, the Century defendants alleged that Curtis breached the modification by failing to pay the $51,000 modified balance.

Discussion.  We review the allowance of a motion for summary judgment de novo.  See Banevicius v. Barnstable, 497 Mass. 585, 590 (2026).  Summary judgment is appropriate if, "[v]iewing the evidence in the light most favorable to the party against whom summary judgment entered, . . . there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law" (quotation and citation omitted).  Id.

Here, the plaintiffs maintain that summary judgment improperly entered because genuine disputes of material fact remain as to which contract is the governing one.  Specifically, they argue that there is a material issue of fact as to whether the parties agreed to be bound by the May 2015 contract.  The judge agreed with the plaintiffs on this point.  He concluded, however, that the dispute over the validity of the May 2015 contract was not material because Curtis freely and voluntarily signed the June 2015 contract and the modification, which both superseded the May 2015 contract.

Although the plaintiffs' appeal is premised on the notion that the factual dispute regarding the May 2015 contract

5

precludes summary judgment, they provide no analysis or citation of legal authority in support. The entirety of their discussion on why the dispute is material is as follows: "If the [May] 2015 Contract is valid, the Unlawful [June 2015] Contract is not. If the [June 2015] Contract is not valid, neither is the Unlawful Modification." This is not adequate appellate argument, and the plaintiffs cite no authority to support their suggestion that a contract cannot be modified or superseded by a later one. As the argument has not been adequately briefed, it is waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Likewise waived is any argument that the June 2015 contract is invalid for lack of consideration. This argument comprises one sentence in the plaintiffs' brief and again is unaccompanied by citation of legal authority. See Mass. R. A. P. 16 (a) (9) (A). The plaintiffs also fail to mention that the June 2015 contract contains different construction specifications than the May 2015 contract, and they do not explain why these differences, plus others, could not provide consideration for the June 2015 contract's higher total price.

For these reasons the plaintiffs have failed to show that the judge erred in granting summary judgment for the Century defendants on the plaintiffs' claims for breach of contract and

6

breach of the implied covenant of good faith and fair dealing, both of which are premised on the May 2015 contract. The plaintiffs have raised no separate argument regarding the judge's grant of summary judgment on the Century defendants' counterclaims for breach of contract and indemnification. Any other challenge to that portion of the judge's decision is thus waived. See Mass. R. A. P. 16 (a) (9) (A).

The Century defendants have requested an award of their appellate attorney's fees and costs, arguing that the indemnification provision of the modification authorizes such an award. The plaintiffs raise no argument to the contrary. Accordingly, the Century defendants may submit a petition for appellate attorney's fees and costs, together with supporting documentation, within fourteen days of the date of this decision. The plaintiffs may have fourteen days to respond. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

Judgment dated June 18, 2024, affirmed.

By the Court (Massing, Shin & D'Angelo, JJ.[5]),

Clerk

Entered: July 24, 2026.

---

[5] The panelists are listed in order of seniority.